

**FILED**
DEC 3 0 2014 aee
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

Lee Ann McKay )
_____ )
_____ )
_____ )
_____ ) CIVIL ACTION
(Name of the plaintiff or plaintiffs) )
)
v. )           14cv10446
)           Judge John J. Tharp, Jr
City of Chicago )           Magistrate Judge Michael T. Mason
_____ )
Chicago Fire Department )
_____ )
_____ )
(Name of the defendant or defendants) )

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

1. This is an action for employment discrimination.

2. The plaintiff is __Lee Ann McKay__ of the county of __Cook__ in the state of __Illinois__.

3. The defendant is __City of Chicago, Chicago Fire Depart.__, whose street address is __3510 South Michigan Ave, 2nd Floor__, (city) __Chicago__ (county) __Cook__ (state) __Illinois__ (ZIP) __60653__ (Defendant's telephone number) __(312) 745-3705__

4. The plaintiff sought employment or was employed by the defendant at (street address) __3509 South Lowe Avenue__ (city) __Chicago__ (county) __Cook__ (state) __Illinois__ (ZIP code) __60609__

5. The plaintiff [*check one box*]

   (a) ☐ was denied employment by the defendant.

   (b) ☒ was hired and is still employed by the defendant.

   (c) ☐ was employed but is no longer employed by the defendant.

6. The defendant discriminated against the plaintiff on or about, or beginning on or about, (month) **SEPTEMBER**, (day) **9TH**, (year) **2012**.

7.1 *(Choose paragraph 7.1 or 7.2, do not complete both.)*

   (a) The defendant is not a federal governmental agency, and the plaintiff [check one box] ☐ has not ☒ has filed a charge or charges against the defendant asserting the acts of discrimination indicated in this complaint with any of the following government agencies:

   (i) ☒ the United States Equal Employment Opportunity Commission, on or about (month) **MAY** (day) **19TH** (year) **2014**.

   (ii) ☐ the Illinois Department of Human Rights, on or about (month)_____ (day)_____ (year)_____.

   (b) If charges *were* filed with an agency indicated above, a copy of the charge is attached. ☐ YES. ☒ NO, **but plaintiff will file a copy of the charge within 14 days**.

   It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received. The plaintiff has no reason to believe that this policy was not followed in this case.

7.2 The defendant is a federal governmental agency, and
   (a) the plaintiff previously filed a Complaint of Employment Discrimination with the defendant asserting the acts of discrimination indicated in this court complaint.

☐ Yes (month)_____ (day)_____ (year)_____

☐ No, did not file Complaint of Employment Discrimination

(b) The plaintiff received a Final Agency Decision on (month)_____ (day)_____ (year)_____.

(c) Attached is a copy of the

(i) Complaint of Employment Discrimination,

☐ YES ☐ NO, but a copy will be filed within 14 days.

(ii) Final Agency Decision

☐ YES ☐ NO, but a copy will be filed within 14 days.

8. *(Complete paragraph 8 only if defendant is not a federal governmental agency.)*

(a) ☐ the United States Equal Employment Opportunity Commission has not issued a *Notice of Right to Sue.*

(b) ☒ the United States Equal Employment Opportunity Commission has issued a *Notice of Right to Sue*, which was received by the plaintiff on (month) **OCTOBER** (day) **4TH** (year) **2014** a copy of which *Notice* is attached to this complaint.

9. The defendant discriminated against the plaintiff because of the plaintiff's [*check only those that apply*]:

(a) ☐ Age (Age Discrimination Employment Act).

(b) ☐ Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

3

3/9

(c) ☐ Disability (Americans with Disabilities Act or Rehabilitation Act)

(d) ☐ National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(e) ☐ Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(f) ☐ Religion (Title VII of the Civil Rights Act of 1964)

(g) ☒ Sex (Title VII of the Civil Rights Act of 1964)

10. If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

11. Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); for 42 U.S.C.§1981 and §1983 by 42 U.S.C.§1988; for the A.D.E.A. by 42 U.S.C.§12117; for the Rehabilitation Act, 29 U.S.C. § 791.

12. The defendant [*check only those that apply*]

(a) ☐ failed to hire the plaintiff.

(b) ☐ terminated the plaintiff's employment.

(c) ☐ failed to promote the plaintiff.

(d) ☐ failed to reasonably accommodate the plaintiff's religion.

(e) ☐ failed to reasonably accommodate the plaintiff's disabilities.

(f) ☒ failed to stop harassment;

(g) ☒ retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above;

(h) ☐ other (specify):_____

_____

13. The facts supporting the plaintiff's claim of discrimination are as follows:

    PLEASE SEE ATTACHED

14. **[*AGE DISCRIMINATION ONLY*]** Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

15. The plaintiff demands that the case be tried by a jury. ☐ YES  ☐ NO

16. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [*check only those that apply*]

    (a) ☐  Direct the defendant to hire the plaintiff.

    (b) ☐  Direct the defendant to re-employ the plaintiff.

    (c) ☐  Direct the defendant to promote the plaintiff.

    (d) ☐  Direct the defendant to reasonably accommodate the plaintiff's religion.

    (e) ☐  Direct the defendant to reasonably accommodate the plaintiff's disabilities.

    (f) ☐  Direct the defendant to (specify): _____

_____

_____

_____

_____

_____

(g) ☒ If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(h) ☒ Grant such other relief as the Court may find appropriate.

(Plaintiff's signature)

*[signature]*

(Plaintiff's name)

LEEANN MCKAY

(Plaintiff's street address)

1151 WEST 14TH PLACE, UNIT 404

_____

(City) CHICAGO  (State) ILLINOIS (ZIP) 60608

(Plaintiff's telephone number) (773) 370-9574

Date: DECEMBER 30, 2014

LEE ANN MCKAY vs. CITY OF CHICAGO, CHICAGO FIRE DEPARTMENT

CIVIL ACTION # _____

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**

**13. The Facts Supporting the Plaintiff's Claim of Discrimination/Retaliation are as follows:**

The Plaintiff, Lee Ann McKay, is a Firefighter/EMT, employed by the Defendant, the City of Chicago, Chicago Fire Department, since December 1, 1999. The Plaintiff has continually met the legitimate expectations of the employer.

The Plaintiff filed an internal complaint against her Lieutenant on or about September 9, 2012.

The Defendant discriminated and retaliated against the Plaintiff after the internal complaint was filed. The Plaintiff filed a complaint with the Illinois Department of Human Rights on or about March 27, 2013.

The Defendant continued the retaliation and harassment and a complaint was filed with the United States Equal Employment Opportunity Commission (EECO) on or about May 19, 2014. The Plaintiff reported the retaliation and harassment, per the Chicago Fire Department's policy. The Retaliation and Harassment did not cease and was not acknowledged or investigated. Reports of Retaliation and/or Harassment include, but are not limited to:

    a) November 25, 2013 – Filed a Complaint with the Chicago Fire Fighter's Union Local 2, per Chicago Fire Department, General Order 13-006. The Defendant withheld the Plaintiff's Insurance Enrollment Packet. The Plaintiff requested an investigation be performed and the continued harassment to cease. No action was taken by the City of Chicago or the Chicago Fire Department to investigate or cease the harassment.

b) April 9, 2014 – Filed a Complaint with the Chicago Fire Fighter's Union, Local 2, per the Chicago Fire Department, General Order 13-006. The Defendant failed to pay the Plaintiff for the Pulaski Day holiday. Plaintiff has received no correspondence or monies in regards to this issue.

c) April 22, 2014 – The Chicago Fire Department Internal Affairs Division re-opened an investigation closed by the City of Chicago EEO (Equal Employment Opportunity) division. The Plaintiff notified Investigator Moreth and Chief Ignacio that the investigation was closed by the City of Chicago EEO Office; that the plaintiff was represented by and attorney; and that the plaintiff had an EEOC complaint pending. Investigator Moreth continued his investigation and Chief Ignacio ordered the plaintiff to cooperate, or be subject to discipline. The Plaintiff verbally notified Chief Edgar Ignacio and Investigator Jean Moreth that the plaintiff considered their actions to be retaliation and harassment, as well as compromising her rights in regards to the EEOC complaint/lawsuit.

d) April 29, 2014 – Filed a Complaint with the Chicago Fire Fighter's Union Local 2, per Chicago Fire Department, General Order 13-006. The W-2 provided by the Defendant, for 2013, was incorrect. The Plaintiff's attempts to resolve the issue, repeatedly, were not acknowledged for 4 months. The Plaintiff requested that the Defendant cease the retaliation and harassment for filing a harassment discrimination complaint. The Defendant then mailed the Plaintiff's w-2 information, along with her social security number, to an unknown address.

e) June 8, 2014 – Filed a Complaint with the Chicago Fire Fighter's Union Local 2, per Chicago Fire Department, General Order 13-006. The Defendant re-opened a closed investigation and the defendant refused to acknowledge or provide the plaintiff's request for a copy of her discipline file and closed

investigation files. The Plaintiff informed the Defendant that she believes that the investigation was obviously targeting her and was being used as retaliation.

f) July 18, 2014 – Filed a Complaint with the Chicago Fire Fighter's Union Local 2, per Chicago Fire Department, General Order 13-006. The Defendant failed to pay the Plaintiff for the Memorial Day holiday. The Plaintiff requested that the Defendant ceases the retaliation and harassment.