**SECOND AMENDMENT**

**FILED**
**11/10/2015**
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

Lee Ann McKay )
 )
_____ )
 )
_____ ) CIVIL ACTION
(Name of the plaintiff or plaintiffs) )
 )
 v. )  NO. _____
 )
City of Chicago, ) 14cv10446
_____ ) Judge John J. Tharp, Jr
Chicago Fire Department ) Magistrate Judge Michael T. Mason
 )
_____ )
(Name of the defendant or defendants) )

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

1. This is an action for employment discrimination.

2. The plaintiff is __Lee Ann McKay__ of the county of __Cook__ in the state of __Illinois__.

3. The defendant is __City of Chicago, Chicago Fire Depart.__, whose street address is __3510 South Michigan Ave, 2ND Floor__, (city) __Chicago__ (county) __Cook__ (state) __Illinois__ (ZIP) __60653__
(Defendant's telephone number) __(312) 745-3705__

4. The plaintiff sought employment or was employed by the defendant at (street address) __3509 South Lowe Avenue__ (city) __Chicago__ (county) __Cook__ (state) __Illinois__ (ZIP code) __60609__

A.1

5. The plaintiff [*check one box*]

    (a) ☐ was denied employment by the defendant.

    (b) ☒ was hired and is still employed by the defendant.

    (c) ☐ was employed but is no longer employed by the defendant.

6. The defendant discriminated against the plaintiff on or about, or beginning on or about, (month) SEPTEMBER, (day) 9TH, (year) 2012.

7.1 *(Choose paragraph 7.1 or 7.2, do not complete both.)*

    (a) The defendant is not a federal governmental agency, and the plaintiff [*check one box*] ☐ has not ☒ has filed a charge or charges against the defendant asserting the acts of discrimination indicated in this complaint with any of the following government agencies:

    (i) ☒ the United States Equal Employment Opportunity Commission, on or about (month) MAY (day) 19TH (year) 2014.

    (ii) ☐ the Illinois Department of Human Rights, on or about (month)_____ (day)_____ (year)_____.

    (b) If charges *were* filed with an agency indicated above, a copy of the charge is attached. ☐ YES. ☒ **NO, but plaintiff will file a copy of the charge within 14 days**.

It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received. The plaintiff has no reason to believe that this policy was not followed in this case.

7.2 The defendant is a federal governmental agency, and

    (a) the plaintiff previously filed a Complaint of Employment Discrimination with the defendant asserting the acts of discrimination indicated in this court complaint.

2

A.2

☐ Yes (month)_____ (day)_____ (year)_____

☐ No, did not file Complaint of Employment Discrimination

(b) The plaintiff received a Final Agency Decision on (month)_____

(day)_____ (year)_____.

(c) Attached is a copy of the

(i) Complaint of Employment Discrimination,

☐ YES ☐ NO, but a copy will be filed within 14 days.

(ii) Final Agency Decision

☐ YES ☐ NO, but a copy will be filed within 14 days.

8. *(Complete paragraph 8 only if defendant is not a federal governmental agency.)*

(a) ☐ the United States Equal Employment Opportunity Commission has not issued a *Notice of Right to Sue.*

(b) ☒ the United States Equal Employment Opportunity Commission has issued a *Notice of Right to Sue*, which was received by the plaintiff on (month) *OCTOBER* (day) *4TH* (year) *2014* a copy of which *Notice* is attached to this complaint.

9. The defendant discriminated against the plaintiff because of the plaintiff's [*check only those that apply*]:

(a) ☐ Age (Age Discrimination Employment Act).

(b) ☐ Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

3

A.3

(c) ☐ Disability (Americans with Disabilities Act or Rehabilitation Act)

(d) ☐ National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(e) ☐ Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(f) ☐ Religion (Title VII of the Civil Rights Act of 1964)

(g) ☒ Sex (Title VII of the Civil Rights Act of 1964)

10. If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

11. Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); for 42 U.S.C.§1981 and §1983 by 42 U.S.C.§1988; for the A.D.E.A. by 42 U.S.C.§12117; for the Rehabilitation Act, 29 U.S.C. § 791.

12. The defendant [*check only those that apply*]

(a) ☐ failed to hire the plaintiff.

(b) ☐ terminated the plaintiff's employment.

(c) ☐ failed to promote the plaintiff.

(d) ☐ failed to reasonably accommodate the plaintiff's religion.

(e) ☐ failed to reasonably accommodate the plaintiff's disabilities.

(f) ☒ failed to stop harassment;

(g) ☒ retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above;

(h) ☐ other (specify):_____

_____


A.4

13. The facts supporting the plaintiff's claim of discrimination are as follows:

    PLEASE SEE ATTACHED

14. *[AGE DISCRIMINATION ONLY]* Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

15. The plaintiff demands that the case be tried by a jury. ☐ YES ☐ NO

16. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [*check only those that apply*]

    (a) ☐ Direct the defendant to hire the plaintiff.

    (b) ☐ Direct the defendant to re-employ the plaintiff.

    (c) ☐ Direct the defendant to promote the plaintiff.

    (d) ☐ Direct the defendant to reasonably accommodate the plaintiff's religion.

    (e) ☐ Direct the defendant to reasonably accommodate the plaintiff's disabilities.

    (f) ☐ Direct the defendant to (specify): _____

A.S

(g) ☒ If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(h) ☒ Grant such other relief as the Court may find appropriate.

(Plaintiff's signature)

*[signature]*

(Plaintiff's name)

LEEANN MCKAY

(Plaintiff's street address)

1151 WEST 14TH PLACE, UNIT 404

(City) CHICAGO  (State) ILLINOIS (ZIP) 60608

(Plaintiff's telephone number) (773) 370-9574

Date: DECEMBER 30, 2014



A.6

LEE ANN MCKAY vs. CITY OF CHICAGO, CHICAGO FIRE DEPARTMENT

CIVIL ACTION # _____

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

13. The Facts Supporting the Plaintiff's Claim of Discrimination/Retaliation are as follows:

The Plaintiff, Lee Ann McKay, is a Firefighter/EMT, employed by the Defendant, the City of Chicago, Chicago Fire Department, since December 1, 1999. The Plaintiff has continually met the legitimate expectations of the employer.

The Plaintiff filed an internal complaint against her Lieutenant on or about September 9, 2012.

The Defendant discriminated and retaliated against the Plaintiff after the internal complaint was filed. The Plaintiff filed a complaint with the Illinois Department of Human Rights on or about March 27, 2013.

The Defendant continued the retaliation and harassment and a complaint was filed with the United States Equal Employment Opportunity Commission (EECO) on or about May 19, 2014. The Plaintiff reported the retaliation and harassment, per the Chicago Fire Department's policy. The Retaliation and Harassment did not cease and was not acknowledged or investigated. Reports of Retaliation and/or Harassment include, but are not limited to:

    a) November 25, 2013 – Filed a Complaint with the Chicago Fire Fighter's Union Local 2, per Chicago Fire Department, General Order 13-006. The Defendant withheld the Plaintiff's Insurance Enrollment Packet. The Plaintiff requested an investigation be performed and the continued harassment to cease. No action was taken by the City of Chicago or the Chicago Fire Department to investigate or cease the harassment.

A.7

b) April 9, 2014 – Filed a Complaint with the Chicago Fire Fighter's Union, Local 2, per the Chicago Fire Department, General Order 13-006. The Defendant failed to pay the Plaintiff for the Pulaski Day holiday. Plaintiff has received no correspondence or monies in regards to this issue.

c) April 22, 2014 – The Chicago Fire Department Internal Affairs Division re-opened an investigation closed by the City of Chicago EEO (Equal Employment Opportunity) division. The Plaintiff notified Investigator Moreth and Chief Ignacio that the investigation was closed by the City of Chicago EEO Office; that the plaintiff was represented by and attorney; and that the plaintiff had an EEOC complaint pending. Investigator Moreth continued his investigation and Chief Ignacio ordered the plaintiff to cooperate, or be subject to discipline. The Plaintiff verbally notified Chief Edgar Ignacio and Investigator Jean Moreth that the plaintiff considered their actions to be retaliation and harassment, as well as compromising her rights in regards to the EEOC complaint/lawsuit.

d) April 29, 2014 – Filed a Complaint with the Chicago Fire Fighter's Union Local 2, per Chicago Fire Department, General Order 13-006. The W-2 provided by the Defendant, for 2013, was incorrect. The Plaintiff's attempts to resolve the issue, repeatedly, were not acknowledged for 4 months. The Plaintiff requested that the Defendant cease the retaliation and harassment for filing a harassment discrimination complaint. The Defendant then mailed the Plaintiff's w-2 information, along with her social security number, to an unknown address.

e) June 8, 2014 – Filed a Complaint with the Chicago Fire Fighter's Union Local 2, per Chicago Fire Department, General Order 13-006. The Defendant re-opened a closed investigation and the defendant refused to acknowledge or provide the plaintiff's request for a copy of her discipline file and closed

A.8

investigation files. The Plaintiff informed the Defendant that she believes that the investigation was obviously targeting her and was being used as retaliation.

f) July 18, 2014 – Filed a Complaint with the Chicago Fire Fighter's Union Local 2, per Chicago Fire Department, General Order 13-006. The Defendant failed to pay the Plaintiff for the Memorial Day holiday. The Plaintiff requested that the Defendant ceases the retaliation and harassment.

A.9

# LEE ANN MCKAY vs. CITY OF CHICAGO, CHICAGO FIRE DEPARTMENT
## CIVIL ACTION # 14 CV 10446

## NEW COUNT

1. On March 27, 2013, I filed Charge No. 2013CF2620 with the Illinois Department of Human Rights ("IDHR"). (B.1)

2. On December 12, 2013, the IDHR dismissed Charge No. 2013CF2620 for lack of substantial evidence.

3. I requested that the EEOC review Charge No. 2013CF2620 on December 19, 2013. A copy of that letter is attached hereto. (D.1)

4. The EEOC accepted review, identifying it as EEOC Charge No. 21B-2013-01322, on January 13, 2014. A copy of that letter is attached hereto. (D.2)

5. On October 2, 2015, the EEOC issued me a Right to Sue Notice with respect to EEOC Charge No. 21B-2013-01322. Copies of the Right to Sue Notice and EEOC Charge No. 21B-2013-01322. (C.1)

6. I have satisfied the requirement of filing my claim within the 90 day statutory perio

7. Jurisdiction is proper as I am seeking relief under Title VII of the Civil Rights Act, a federal law.



8. Venue in this Court is proper as the acts giving rise to the unlawful conduct occurred in the Northern District of Illinois.

9. As alleged in Charge No. 21B-2013-01322 (previously IDHRCharge No. 2013CF2620), I suffered the following adverse actions:
    a. Harassment in retaliation for filing an internal discrimination complaint with the City against a Lieutenant, which included, *inter alia*, refusal co communicate with me, defamation and imposition of unwarranted disciplinary action; and
    b. An unlawful transfer to a different position in retaliation for said internal discrimination complaint.

10. Such conduct violates Title VII of the Civil Rights Act.





# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974: See Privacy act statement before completing this form.

#13W0325.09

AGENCY: ☒ IDHR  ☐ EEOC

CHARGE NUMBER: 2013CF2620

Illinois Department of Human Rights and EEOC

**NAME OF COMPLAINANT** (indicate Mr. Ms. Mrs.): Ms. LeeAnn McKay

**TELEPHONE NUMBER** (include area code): (773) 370-9574

**STREET ADDRESS**: 928 W. 32nd Street

**CITY, STATE AND ZIP CODE**: Chicago, Illinois 60608

**DATE OF BIRTH**: / /  M D YEAR

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE LIST BELOW)

**NAME OF RESPONDENT**: City of Chicago Fire Department

**NUMBER OF EMPLOYEES, MEMBERS**: 15+

**TELEPHONE NUMBER** (include area code): (312) 745-3705

**STREET ADDRESS**: 3510 S. Michigan Avenue 2nd Floor

**CITY, STATE AND ZIP CODE**: Chicago, Illinois 60653

**COUNTY**: Cook

**CAUSE OF DISCRIMINATION BASED ON:** Retaliation

**DATE OF DISCRIMINATION**
EARLIEST (ADEA/EPA): 9/9/12
LATEST (ALL): 3/14/13
☐ CONTINUING ACTION

## THE PARTICULARS OF THE CHARGE ARE AS FOLLOWS:

I. A. **ISSUE/BASIS**
HARASSMENT – SEPTEMBER 9, 2012, THROUGH MARCH 2, 2013, IN RETALIATION FOR FILING AN INTERNAL DISCRIMINATION COMPLAINT

B. **PRIMA FACIE ALLEGATIONS**

1. On September 9, 2012, I engaged in a protected activity when I filed an internal Discrimination complaint with Respondent against Lieutenant Bill Carroll.

Page 1 of 2

I also want this charge filed with the EEOC. I will advise th13e agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

SUBSCRIBED AND SWORN TO BEFORE ME THIS 27th DAY OF March, 2013

NOTARY SIGNATURE

OFFICIAL SEAL
RAQUEL C GUERRA
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES: 06/17/16

NOTARY STAMP

X _____ 3/27/13
SIGNATURE OF COMPLAINANT    DATE

I declare under penalty that the foregoing is true and correct I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

EEO-5 FORM (Rev. 7/12-INT)

B.1

Charge Number: 201̄̄̄̄20
Complainant: Lee Ann McKay
Page 2 of 2

2. From September 9, 2012, through March 14, 2013, I have been harassed by Lt. Carroll. The harassment by Lt. Carroll consists of him refusing to communicate with me in a professional manner or being hostile when he does communicate. He defames my character to other members of the staff and department. Respondent has started disciplinary action against me to intimidate me. Lt. Carroll has also placed my safety at risk.

3. The harassment followed the filing of my internal discrimination complaint within such a period of time as to raise an inference of retaliatory motivation.

II. A. ISSUE/BASIS
TRANSFER – MARCH 14, 2013, IN RETALATION FOR FILING AN INTERNAL DISCRIMINATION COMPLAINT

B. PRIMA FACIE ALLEGATIONS
1. On September 9, 2012, I engaged in a protected activity when I filed an internal discrimination complaint with Respondent against Lieutenant Bill Carroll.

2. On March 14, 2013, I was transferred from Engine 29 to Engine 42. No reason was given for the transfer.

3. The transfer followed the filing of my internal discrimination complaint within such a period of time as to raise an inference of retaliatory motivation.

MFP/dmw

B.2

EEOC Form 161 (11/09)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Leeann McKay<br>c/o Alisa Arnoff, Esq.<br>Scalambrino and Arnoff LLP<br>One N LaSalle St<br>Suite 1600<br>Chicago, IL 60602 | From: | Chicago District Office<br>500 West Madison St<br>Suite 2000<br>Chicago, IL 60661 |
|---|---|---|---|

[ ]   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 21B-2013-01322 | Daniel Lim,<br>State & Local Coordinator | (312) 869-8082 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred** more than 2 years (3 years) **before you file suit may not be collectible.**

On behalf of the Commission

*Julianne Bowman*      9-29-2015

Julianne Bowman,
**District Director**
(Date Mailed)

Enclosures(s)

cc:   **CITY OF CHICAGO FIRE**
c/o Kevin O'Bryan, Esq.
30 N LaSalle St
Suite 1040
Chicago, IL 60602

c.1

December 19, 2013

Equal Employment
 Opportunity Commission
500 West Madison Street
Suite 2000
Chicago, IL 60661

      Re:    **Substantial Weight Review Request**
                **Lee Ann McKay**
                **EEOC Charge No. 21BA31322**
                <u>**IDHR Charge No. 2013CF2620**</u>

To whom it may concern:

      Our offices represent Charging Party Lee Ann McKay with respect to the above-referenced matter. We request, on Ms. McKay's behalf, that the EEOC perform a Substantial Weight Review of the dismissal issued by the Illinois Department of Human Rights ("IDHR"). From the onset of this matter, Ms. McKay was belittled by the investigator, necessitating our retention as counsel. We do not believe that any Request for Review submitted to the IDHR will consider all of the evidence. It is obvious to us that the "scintilla" evidentiary standard was met.

      If we can provide you with copies of the materials (including those submitted to the IDHR which it appears it did not review), or if you would like Ms. McKay to come in for an interview, please let us know. Thank you.

                                            Very truly yours,

                                            SCALAMBRINO & ARNOFF, LLP

                                            Alisa B. Arnoff

ABA/kr
Copy to Lee Ann McKay

D.1



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Chicago District Office**

500 West Madison Street, Suite 2800
Chicago, IL 60661
(312) 869-8000
TTY (312) 869-8001
FAX (312) 869-8077

January 13, 2014

Alisa B. Arnoff Esq.
Attorney at Law
**SCALAMBRINO & ARNOFF, LLP**
One North LaSalle Street
Suite 1600
Chicago IL 60602

    Re: Lee Ann McKay v. **CITY OF CHICAGO FIRE DEPARTMENT**
        EEOC Number **21B-2013-01322**

Dear Ms Arnoff:

Thank you for your letter regarding the referenced charge. We have entered a request for a "substantial weight review" in your client's file. Upon closure of the file by the **ILLINOIS DEPARTMENT OF HUMAN RIGHTS** – and receipt of the investigative file – the Equal Employment Opportunity Commission (EEOC) will review its findings.

If and when the EEOC issues a *Dismissal and Notice of Rights*, your client will have 90 days in which to file suit in federal court. Please note that the process often takes several months, so your patience is greatly appreciated.

If you have any questions, please call Daniel.Lim@eeoc.gov or call 312-869-8082.

                                  Sincerely,

                                  *John P. Rowe/mjh*

                                  John P. Rowe
                                  District Director

D.2